◾ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. EDWARD WULFFEN, FRED DELANEY, et al., Respondents.— In a criminal action, the People appeal from an order of the County Court, Nassau County, entered December 21, 1964 after a hearing, which granted defendants' motion to suppress evidence allegedly obtained as the result of an unlawful search and seizure. Order reversed on the law and the facts, and the motion to suppress denied. At about 2 o'clock on the morning of March 25, 1964, a police officer noticed an unattended automobile which aroused his suspicion. He disclosed his suspicion to Sergeant Hochstrausser who returned to the car with the officer. They looked inside the car but found nothing. The officers then left the car to investigate whether it had been reported stolen and to ascertain its ownership. They ascertained that the car had not been reported stolen and that its registered owner was a corporation. The officers then returned to the area where the vehicle was parked and observed that three men were now in the vehicle and that it was moving. The officers stopped the car and asked the men to get out. They asked defendant Delaney, the driver, for his license and registration. Delaney produced the defendant Wulffen's license and registration and attempted to pass himself off as Wulffen. Sergeant Hochstrausser asked them what they were doing and they answered that they had been sleeping in the car. The sergeant replied that this was not so since he

had checked the car a short time ago and found it to be empty. The defendants then said that they had been drinking and were returning home on the Southern State Parkway when they felt it necessary to park the car and return to the Parkway area to "sleep off" the effects of their drinking. The sergeant then noticed that Delaney had white dust "like from plaster * * * and cement" all over his pants. The sergeant asked him where he had gotten the dust on his pants and Delaney replied that he had gotten it from "laying on the Parkway." The sergeant did not believe this because the morning was damp but the defendants' clothing was not wet. Three weeks prior to this incident, the sergeant had gone to Bellmore Junior High School to investigate a safe burglary. The wall had been broken through and the sergeant had gotten white dust all over his pants. When the sergeant noticed the extent of the white dust on Delaney's pants, he said to his fellow officer: "Hold them, they have just knocked off the safe in the school." Thereupon, the defendants were placed under arrest and a search of the car uncovered an attache case containing money and a movie camera, neither of which had been present on the earlier inspection of the car. Defendants were taken into custody, and investigation revealed that the Bellmore Junior High School had in fact been burglarized again. The search, which uncovered the evidence now sought to be suppressed, was lawful if it was incident to a lawful arrest (*People* v. *Loria*, 10 N Y 2d 368, 373). The arrest was lawful if a felony had in fact been committed and the officer had reasonable cause to believe that the defendants committed it (Code Crim. Pro., § 177, subd. 3; *People* v. *Cassone*, 20 A D 2d 118, affd. 14 N Y 2d 798). We think that the officers in this case had reasonable cause — a cause founded in reason — to believe that defendants committed a felony. The unattended car had been found early in the morning about a mile from the school. The officers knew that defendants were lying when the defendants stated that they had been sleeping in the car. Their explanation about leaving the car early on a damp March morning to "sleep off" on the Parkway grass the effects of drinking was incredible. Delaney had tried to pass himself off as Wulffen to the officers. Finally, Sergeant Hochstrausser noticed that Delaney's pants were covered with a white dust similar to that which this officer had acquired on a previous visit to the school. The lies and evasions of the defendants, combined with the fortuitous knowledge of the sergeant as to the probable source of the white dust which covered Delaney's pants, were a valid foundation from which to draw a reasonable inference that Delaney had been in the school that morning. This inference was no vague, unaccountable "hunch" of wrongdoing; the sergeant named precisely what the defendants had done. The words "suspicious" and "hunch" used by the officer on the hearing are not touchstones by which we must evaluate his mental processes. The order appealed from should be reversed and the motion to suppress denied. Beldock, P. J., Ughetta, Christ and Brennan, JJ., concur; Hill, J., dissents and votes to affirm the order upon the opinion-decision of the learned County Judge.